E-SERVED Prince George's Circuit Court 5/23/2025 1:25 PM System System Envelope:21339320
Case 8:25-cv-02649-AAQ    Document 1-1    Filed 08/11/25    Page 1 of 17
E-FILED; Prince George's Circuit Court
Circuit Court Clerks: 301-952-2318
Docket: 5/23/2025 1:25 PM; Submission: 5/23/2025 1:25 PM
Calendar Management: 301-952-3850
Envelope: 21339320

**CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**
14735 Main Street, Upper Marlboro, Maryland, 20772

To: KINDERCARE LEARNING CENTERS LLC
SERVE: CSC-LAWYERS INCORPORATING SERVICE COMPANY, RESIDENT AGENT
7 ST. PAUL STREET, SUITE 820
BALTIMORE, MD 21202

Case Number: C-16-CV-25-002830
Other Reference Number(s):
Child Support Enforcement Number:

P. T. VS. KINDERCARE LEARNING CENTERS LLC

Issue Date: 5/23/2025

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

P. T.
c/o Slater Slater Schulman, LLP
9475 Deereco Rd, Suite 350
Timonium, MD 21093

This summons is effective for service only if served within 60 days after the date it is issued.

Mahasin El Amin
Clerk of the Circuit Court #935

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

Exhibit A

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Case 8:25-cv-02649-AAQ    Document 1-1    Filed 08/11/25    Page 3 of 17

Circuit Court for Prince George's County

P. T. vs. Kindercare Learning Centers LLC                    Case Number: C-16-CV-25-002830

# SHERIFF'S RETURN
## (please print)

To: KINDERCARE LEARNING CENTERS LLC

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                      Name of person served

on _____ at _____
      Date of service              Location of service

_____ by _____ with the following:
                              Manner of service

☐ Summons                              ☐ Counter-Complaint
☐ Complaint                            ☐ Domestic Case Information Report
☐ Motions                              ☐ Financial Statement
☐ Petition and Show Cause Order        ☐ Interrogatories
☐ Other _____
         Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address     ☐ No such address
☐ Address not in jurisdiction          ☐ Other
                                          _____
                                          Please specify

Sheriff fee: $ _____    ☐ waived by _____

_____     _____
   Date         Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## IN THE CIRCUIT COURT OF MARYLAND FOR
## PRINCE GEORGE'S COUNTY

| | |
|---|---|
| **P.T.,** | RB |
| *Plaintiff* | |
| v. | |
| **KINDERCARE LEARNING CENTERS LLC**<br>**3560 Mitchellville Road**<br>**Bowie, MD 20716**<br><br>Serve: CSC-Lawyers Incorporating<br>Service Company, Resident Agent<br>7 St. Paul Street, Suite 820<br>Baltimore, Maryland 21202<br><br>*Defendant* | Case No.: C-16-CV-25-002830 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES P.T. ("Plaintiff"), in their own right and through their undersigned counsel, Slater Slater Schulman, LLP, hereby file this Complaint against KinderCare Learning Centers LLC ("Defendant").

## PRELIMINARY STATEMENT

1. This action arises from the sexual abuse of a child while they were receiving childcare services at Bowie KinderCare, 3560 Mitchellville Road, Bowie, Maryland 20716 ("facility"), operated by Defendant. Plaintiff was at the facility as a minor child, seeking safety, education, and care. While under Defendant's care and supervision, Plaintiff was sexually abused by employees and/or personnel staffed at the facility.

1

2. The abuse occurred in settings where Plaintiff was especially vulnerable, as they were receiving childcare. Therefore, Defendant had a heightened duty to protect them.

3. Defendant holds itself out as a provider of childcare. In doing so, it assumes a legal and ethical obligation to maintain a safe and secure environment for children in its care. Defendant failed to meet its obligation. Defendant failed to properly supervise employees and staff. It ignored or concealed complaints of misconduct and maintained unsafe conditions. Defendant failed to implement the requisite safeguards and respond appropriately to signs of abuse. This enabled the misconduct to persist.

4. The misconduct was not the result of isolated bad actors. It was the direct consequence of institutional failures specific to training, reporting and policy enforcement. This created an environment where abuse could occur without detection.

5. Plaintiff was sexually abused because of Defendant's negligence. As a result of the abuse, Plaintiff has suffered lifelong trauma. Plaintiff has been physically and psychologically harmed. The abuse has caused Plaintiff to suffer from depression, anxiety, and other severe mental health disorders. The abuse has instilled a profound distrust of people.

6. Plaintiff brings this action to hold Defendant accountable for the systematic failures that enabled the abuse. They seek justice not only for the harm they endured, but to prevent other vulnerable children from being placed in danger.

## PARTIES

7. Defendant is a privately owned and operated childcare business.

8. Defendant is incorporated under the laws of the State of Delaware and maintains its principal place of business at 2711 Centerville Road, Wilmington, Delaware 19808.

9. Defendant holds itself out as a licensed provider of childcare services for children. Defendant markets its services as safe, secure, and managed by trustworthy individuals.

10. At all times relevant to this Complaint, Defendant was responsible for the employment, supervision, training, and retention of staff, teachers, aides, and administrators assigned to care for children in its programs. Defendant exercised direct control over its personnel, created and enforced policies governing child safety, and accepted custody of minor children entrusted to its care.

11. Defendant is sued for its own negligence, as well as under the doctrine of *respondeat superior*. Defendant is responsible for the acts and omissions of its employees, agents, and staff acting within the scope of their employment. Defendant's failure to prevent and respond to sexual abuse of children at its facility directly caused the injuries described herein.

12. Plaintiff is an individual who, as a child, visited the facility operated by Defendant(s). Plaintiff visited the facility for childcare services and was under the care, custody, and supervision of Defendant and its staff during their enrollment.

13. At all times relevant to this Complaint, Plaintiff was legally entitled to a safe, secure, and abuse-free environment.

14. Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-8A-27, Plaintiff files under pseudonyms to protect records concerning minors from public disclosure.[1] Plaintiff cannot be forced to waive this confidentiality as a condition to bring their claims. Revealing their identity as a survivor of childhood sexual abuse would subject Plaintiff and their family to compounded humiliation, embarrassment and emotional distress.

15. Plaintiff P.T. is a forty-one (41) year-old male resident of Hinton, West Virginia.

---

[1] See *Doe v. Shady Grove Adventist Hosp.*, 598 Md. App. 351 (1991).

3

## JURISDICTION AND VENUE

16. This action is timely filed pursuant to the Child Victims Act of 2023. Md. Code, Cts. & Jud. Proc. § 5-117.

17. This Court has subject matter jurisdiction over this civil matter under Md. Code, Cts. & Jud. Proc. § 1-501.

18. Maryland courts may exercise personal jurisdiction over any party that is domiciled, incorporated under Maryland law, served within the state or maintains its principal place of business in Maryland. Md. Code, Cts. & Jud. Proc. § 6-102(a). Personal jurisdiction over Defendant is proper as Defendant transacts regular business in Prince George's County, Maryland.

19. Venue is proper in Prince George's County, Maryland, under Md. Code, Cts. & Jud. Proc. § 6-201(a), as the events giving rise to this action occurred in Prince George's County, Maryland, and Defendant conducts business within this jurisdiction.

20. Additionally, under Md. Code, Cts. & Jud. Proc. § 6-202(8), venue is proper because the tortious conduct alleged in this Complaint occurred in Prince George's County, Maryland, and caused harm to Plaintiff while they were enrolled in Defendant's facility.

## FACTUAL BACKGROUND

21. At all times relevant to this Complaint, Plaintiff was a minor enrolled in a childcare facility operated by Defendant for the purpose of receiving childcare services. Plaintiff was enrolled in the facility by family members and was placed in Defendant's care based on its representations of safety, security, and professional oversight.

4

22. Upon information and belief, while enrolled at the facility, Plaintiff was in the legal and physical custody of Defendant. Defendant and its employees were responsible for providing appropriate supervision, maintaining a safe environment, and protecting Plaintiff from foreseeable harm, including sexual abuse. Plaintiff was uniquely vulnerable due to their age, emotional or psychiatric conditions, and the inherent power imbalance between children and adults.

23. Despite these responsibilities, Plaintiff was subjected to sexual abuse by one or more individuals affiliated with the facility, including but not limited to, employees, contractors, and/or administrators. The abuse included grooming behaviors, inappropriate touching, coerced sexual acts, and other forms of sexual exploitation. In many cases, the perpetrators used their authority or access to isolate, manipulate and exploit Plaintiff.

24. The sexual abuse occurred on the premises of the facility, often in areas under Defendant's control. This includes classrooms, bathrooms, and staff offices. In some instances, it occurred during scheduled childcare times or recreational activities when Defendant was obligated to provide supervision and protection.

25. Defendant knew or should have known that sexual abuse was occurring or was likely to occur within the facility. Prior incidents, complaints, unusual staff behavior, and other red flags were present and either ignored, minimized, or inadequately investigated. Upon information and belief, many children, parents/guardians, and staff directly reported the abuse to Defendant while it was ongoing. Defendant failed to take reasonable steps to prevent the abuse, including, but not limited to:

26. Conducting thorough background checks of employees and staff;

27. Training staff on how to detect, report and respond to signs of abuse;

28. Enforcing physical and procedural safeguards to prevent isolation and misconduct;

5

29. Investigating allegations and disciplining or removing suspected abusers; and

30. Reporting credible complaints to law enforcement or appropriate authorities.

31. Instead, Defendant maintained a culture of negligence, indifference, or active concealment that allowed abuse to persist unchecked. As a result, Plaintiff was harmed in the very setting that was supposed to protect and care for them.

32. Due to the traumatic nature of the abuse, Plaintiff did not immediately disclose what occurred. Like many survivors of childhood sexual abuse, they experienced fear, shame, confusion, and psychological trauma that delayed their ability to report or even recognize the full extent of the harm. In many cases, Plaintiff only came forward after seeking therapy, entering adulthood, or learning of similar abuse involving the facility.

33. As a direct result of Defendant's conduct, Plaintiff suffered serious and lasting injuries, including psychological trauma, emotional distress, mental health deterioration, and disruption to their personal, academic, and social development. This lawsuit seeks to hold Defendant accountable for the institutional failures that enabled the abuse and to seek redress for the harm caused to this child while in Defendant's facility.

**Child Sexual Abuse of Plaintiff P.T.**

34. While P.T. was enrolled at Defendant's facility, Doe was a daycare worker at Defendant's facility. In 1987, when P.T. was four (4) years old, Doe sexually abused P.T. The abuse occurred approximately one (1) to two (2) times in or around six (6) months.

35. Upon information and belief, Doe was a white female, approximately 5'8" to 5'9". At the time of the abuse, Doe had an average build.

36. The sexual abuse consisted of Doe fondling P.T.'s genitals and buttocks. In addition, Doe used an unknown object to penetrate P.T.

6

37. As a result of Defendant's acts and/or omissions, P.T. has suffered and will continue to suffer personal physical, psychological and emotional injuries. This includes, but is not limited to, physical pain, severe and permanent emotional distress, and physical manifestations of emotional distress.

## COUNT I: NEGLIGENCE

38. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

39. Defendant owed Plaintiff a non-delegable duty to provide a safe, secure, and supervised childcare environment, particularly given that Plaintiff was a minor receiving childcare services. This duty included taking reasonable steps to protect children in its custody from foreseeable harm, including sexual abuse perpetrated by employees, staff, agents and/or other personnel.

40. While enrolled at Defendant's facility, Plaintiff was sexually abused by individuals who were supervised by or otherwise under the control of Defendant. The abuse occurred during the course of Plaintiff's enrollment in the program. The abuse occurred at locations and at times when Defendant was required to provide protective oversight.

41. Defendant knew or should have known of the risk of sexual abuse to children in its programs. Upon information and belief, during the time the abuse was occurring, children, parents/guardians, and staff members directly alerted Defendant of the abuse. The nature of the facility's services, prior complaints or incidents, behavioral red flags, and inadequate supervision all contributed to a foreseeable risk of harm to Plaintiff and other similarly situated children.

42. At all times relevant to this Complaint, Defendant knew or should have known that certain employees, agents, or staff had a propensity to engage in inappropriate and sexually abusive behavior toward minors. Defendant either received or should have discovered warning signs,

7

boundary violations, and patterns of conduct by these individuals that created an unreasonable risk of harm to children enrolled in the facility.

43. Despite this knowledge, Defendant failed to intervene, discipline, or remove dangerous personnel from direct contact with vulnerable minors. In some cases, Defendant ignored reports or complaints made by children, families, or staff. In other cases, Defendant failed to follow up on observable red flags or abnormal conduct. At a minimum, however, Defendant continued to staff employees who posed a risk to child safety in roles that provided unsupervised access to minors.

44. Defendant breached its duty of care through acts and omissions that include, but are not limited to, the following:

45. Failing to properly supervise children in its care;

46. Failing to monitor the conduct of employees and staff;

47. Failing to implement or enforce appropriate safety protocols;

48. Ignoring or minimizing warning signs of abuse or misconduct;

49. Failing to investigate or act upon credible complaints; and

50. Allowing unsafe individuals to maintain access to vulnerable children.

51. Defendant's failure to respond to these risks, implement reasonable safety protocols, or supervise its personnel appropriately constitutes negligence. Plaintiff was directly harmed as a result of Defendant's disregard for known or foreseeable dangers within its facility.

52. As a direct and proximate result of Defendant's negligence, Plaintiff was subjected to sexual abuse while in the care of the facility. Plaintiff has suffered and continue to suffer significant injuries, including emotional distress, psychological trauma, physical harm, pain and suffering, as well as a loss of trust in people.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000.00), litigation costs and expenses, prejudgment and post-judgment interest at the legally prescribed rates, and other relief this Honorable Court may deem appropriate.

**COUNT II: NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

53. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

54. At all times relevant to this Complaint, Defendant was responsible for hiring, training, supervising, and retaining the individuals who had access to minor children at its facility. This included teachers, counselors, aides, administrative personnel, and any other employees, agents, or contractors operating under Defendant's control.

55. Given the vulnerability of the population served and the childcare nature of its program/facility, Defendant owed a heightened duty to ensure that all individuals working in its facility were properly screened, qualified, and adequately supervised to prevent harm to children, particularly harm arising from childhood sexual abuse.

56. Defendant breached this duty in one or more of the following ways:

57. Hiring staff without conducting adequate background checks or screening for prior misconduct;

58. Failing to properly train staff on the prevention, detection, and mandatory reporting of child sexual abuse;

59. Permitting unqualified or unsupervised individuals to work directly with vulnerable minors;

60. Ignoring red flags, prior complaints, or behavioral indicators that suggested an individual was unfit to work with children;

9

61. Retaining employees and/or contractors despite knowledge of misconduct, boundary violations, or inappropriate interactions with children; and

62. Failing to remove or reassign staff who posed a known or foreseeable risk to child safety.

63. Even after placement, Defendant failed to train employees on child safety protocols, abuse prevention, or mandatory reporting requirements. Supervisory personnel failed to monitor staff interactions with children or respond to behavioral red flags that emerged during employment. In many cases, complaints or concerns were raised about staff conduct, but Defendant took no meaningful action to investigate, discipline, or reassign the involved abusers.

64. The widespread occurrence of child sexual abuse by staff within the facility, as alleged herein, should have put Defendant on notice that existing hiring and supervisory practices were insufficient to ensure child safety. Upon information and belief, while the abuse was ongoing, Plaintiff and facility staff made Defendant aware of the abuse through direct reports or complaints. Defendant's failure to correct or reform these practices constitutes negligent hiring, supervision, training and retention, directly enabling the abuse of Plaintiff.

65. At all times relevant, Defendant knew or should have known that their employees and/or agents had the propensity to sexually abuse minors.

66. At all times relevant, Defendant failed to implement sufficient policies to investigate and screen applicants for staff positions to determine if applicants had prior criminal convictions, arrests and/or civil claims illustrating their propensity to sexually abuse children, which would render these applicants unfit to supervise children, including Plaintiff.

67. The widespread, pervasive, and decades-old environment of child sexual abuse within childcare facilities, including the facility described in this Complaint, put Defendant on notice of the likelihood of future sexual abuse by employees and/or staff members. Defendant's failure to

conduct thorough background checks specific to these employees and/or staff members constitutes negligent hiring.

68. Defendant's employees and/or staff members referenced herein would not have been in positions to sexually abuse Plaintiff had they not been hired by Defendant.

69. Had the employees and/or staff members been adequately screened, investigated, and vetted before being hired by Defendant, Plaintiff would not have suffered the harm alleged.

70. As a result of these failures, Plaintiff was exposed to individuals who used their positions of authority to commit acts of sexual abuse or to facilitate an environment in which abuse could occur.

71. Defendant's conduct was not isolated or inadvertent. It reflected a broader pattern of institutional disregard for the safety of children in its care, including a failure to adopt or enforce appropriate hiring and supervision policies for individuals entrusted with access to minors.

72. As a direct and proximate result of Defendant's negligent hiring, training, supervision, and retention practices, Plaintiff was sexually abused while in childcare and has suffered extensive emotional, psychological, and physical harm and will continue to suffer these harms.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000.00), litigation costs and expenses, prejudgment and post-judgment interest at the legally prescribed rates, and other relief this Honorable Court may deem appropriate.

### COUNT III: FAILURE TO ENACT AND ENFORCE POLICIES TO PREVENT SEXUAL ABUSE

73. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

74. Defendant operated a facility that provided childcare services to minors. As such, Defendant had a duty to develop, implement, and enforce comprehensive policies and procedures to protect children in its care from sexual abuse, exploitation, and other forms of harm.

11

75. This duty included, but was not limited to:

76. Establishing clear protocols for identifying and reporting suspected abuse;

77. Providing staff training on professional boundaries, mandated reporting obligations, and the signs of grooming and abuse;

78. Implementing safeguards to prevent children from being isolated with employees, staff, agents, and/or other personnel in unsupervised settings;

79. Monitoring staff conduct and enforcing consequences for boundary violations;

80. Conducting audits or assessments of facility risk factors related to child safety; and

81. Ensuring that allegations or suspicions of abuse were promptly investigated and reported to appropriate authorities.

82. Defendant failed to enact, implement, and/or enforce adequate policies to prevent sexual abuse. It either had no such policies in place or had policies that were vague, incomplete, inconsistently followed or actively ignored. Defendant failed to train its staff on the importance of these protections or to ensure that safety protocols were embedded into daily operations.

83. These systemic failures allowed perpetrators to access, isolate, groom, and abuse vulnerable children without detection or intervention. In many cases, warning signs of misconduct were present, but went unaddressed due to a lack of procedures or a failure to follow existing ones.

84. By neglecting to create and enforce appropriate procedures, Defendant created an environment where child sexual abuse was foreseeable and enabled. Plaintiff was mentally and physically harmed as a direct and proximate result of Defendant's institutional inaction and disregard for basic child protection measures. Plaintiff has incurred and will continue to incur damages as a result.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000.00), litigation costs and expenses, prejudgment and post-judgment interest at the legally prescribed rates, and other relief this Honorable Court may deem appropriate.

### PRAYER FOR RELIEF

Plaintiff was harmed by Defendant's acts or omissions while in Defendant's care. Plaintiff has suffered as a direct and foreseeable result of the above-described conduct. They will continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation. They were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life. They have sustained and will continue to sustain loss of earnings and earning capacity. Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling, as well as damages for unspecified losses.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000), litigation costs and expenses, prejudgment and post-judgment interest at the legally proscribed rates, and all other available relief this Court may deem appropriate.

### JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues triable herein.

### RULE 20-201 CERTIFICATE

**I HEREBY CERTIFY** that this filing does not contain any restricted information.

Respectfully Submitted,

*/s/Benjamin L. Davis, III*
Benjamin Davis, Esq. AIS # 0612120202
Frank A. Natale, Esq. AIS # 405050003

13

Samir Nsouli, Esq. AIS # 2405231078
Slater Slater Schulman, LLP
9475 Deereco Road, Ste. 350
Timonium, MD 21093
(443) 998-6705
bdavis@sssfirm.com
fnatale@sssfirm.com
snsouli@sssfirm.com

*Attorneys for Plaintiff*

14